IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:99-CV-394

| | |
|---|---|
| JAMES A. BLOUNT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CSX TRANSPORTATION, INC., DANA ) | |
| B. KENYON COMPANY, General ) | |
| Contractor, and MARCEL VAUGHN d/b/a ) | |
| MITCHELL PAVING & GRADING CO. ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| OVERCASH GRAVEL & GRADING ) | |
| COMPANY, INC. ) | |
| ) | |
| Third-Party Defendant ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Defendants Vaughn and Overcash's motion for summary judgment. The parties filed a joint status report, in which Defendants Marcel Vaughn d/b/a Mitchell Paving & Grading Co. ("Vaughn") and Overcash Gravel & Grading ("Overcash") contend that there are currently no viable claims before the Court and Defendant CSX Transportation, Inc. ("CSX") claim that Defendant Dana B. Kenyon Company's ("Kenyon") crossclaims and complaint for indemnity or contribution against Vaughn and Overcash are still viable claims. In addition, Defendant CSX asserts that it is entitled to bring a separate lawsuit for indemnity against Vaughn and Overcash. In an order dated April 21, 2005, this Court directed Defendants Vaughn and Overcash to file motions for summary judgment and

supporting memoranda indicating to the Court: 1) why there are no currently viable claims in this case and 2) why Defendant CSX is not entitled to bring a suit for indemnity against Defendants Vaughn and Overcash. On May 23, 2005, Defendant Vaughn filed a motion for summary judgment in response to the Court's order. Defendant Overcash filed a separate motion for summary judgment on the same day, and CSX and Kenyon sent the Court their memorandum in response on June 16, 2005. Vaughn and Overcash subsequently filed separate reply memoranda, therefore, this matter is ripe for review.

I.  **FACTUAL BACKGROUND**

Defendant CSX hired Kenyon Company to act as general contractor for the construction of the Pinoca yard office building, the surrounding sidewalk and the parking lot in Charlotte, North Carolina. Kenyon then hired Vaughn to complete the sidewalk and paving work, and Vaughn contacted Overcash to assist with the sidewalk.

On September 22, 1999, Plaintiff James Blount filed an action alleging personal injuries and damages as the result of a fall outside the CSX yard house. Blount alleged that he fell as a result of tripping when he stepped into an asphalt "cut out" outside the front door of the Pinoca yard office building. Blount filed claims against CSX, Kenyon and Vaughn.

CSX filed an answer to Blount's claims and asserted a cross-claim against Kenyon for indemnity. Kenyon then assumed CSX's defense pursuant to an indemnification clause in their contract, therefore, CSX dismissed its claim against Kenyon.

On November 12, 1999, Kenyon filed an answer and third-party complaint against Overcash for indemnity and contribution. Overcash subsequently filed a motion for summary judgment upon Kenyon's third-party Complaint, and this Court denied the motion. Also, on November 12, 1999, Kenyon filed a cross-claim for contribution and indemnity against Vaughn.

Vaughn then asserted a cross-claim for contribution and indemnity against Kenyon in an amended answer. In addition, Overcash asserted claims for indemnity and contribution against Kenyon, Vaughn and CSX in its answer to Kenyon's third-party complaint.

On December 2, 2002, Blount voluntarily dismissed its claims against Vaughn and Kenyon without prejudice. As a result, Overcash was dismissed as a third-party defendant. The Court then severed and stayed all actions as between Kenyon, Vaughn and Overcash.

On December 11, 2002, a jury returned a verdict against CSX in the amount of $1.5 million. Judge Graham Mullen signed a judgment in that amount plus costs, and CSX appealed. During the appeal, the parties reached a settlement agreement, under which Kenyon paid Blount $1,350,000 million. Thereafter, this Court directed the parties to file a joint status report.

## II. DISCUSSION

After reviewing the parties' arguments and relevant case law, the Court finds that both Vaughn and Overcash's motions for summary judgment are hereby **DENIED**, in part.

### A. Standard of Review

Summary judgment is proper "if the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met the initial burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323. A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Pursuant to Rule 56(e), after "a motion for summary judgment is made . . . an adverse

party may not rest upon the mere allegations or denials of the adverse party's pleading," rather "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. C. P. 56(e); *Anderson*, 477 U.S. at 250. This is particularly important where the nonmoving party bears the burden of proof. *Hughes v. Bedsole*, 48 F.3d. 1376, 1381 (4th Cir. 1995). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff. *Id.* at 252. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

When considering summary judgment motions, courts must view the facts in the light most favorable to the party opposing the motion. *Austin v. Clark Equip. Co.*, 48 F.3d 833, 835 (4th Cir. 1995). "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). However, in reviewing the whole record, the Court must remember to "disregard all evidence favorable to the moving party that the jury is not required to believe" and, therefore, only "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that [the] evidence comes from

disinterested witnesses." *Reeve*s, 530 U.S. at 151.

  **B.**  **Kenyon's Claims for indemnity or contribution against Vaughn and Overcash are still viable claims in this action**

  On November 12, 1999, Kenyon asserted a crossclaim for indemnity, or in the alternative, contribution as to Vaughn. On the same date, Kenyon filed a third-part complaint against Overcash alleging that in the event that Kenyon was held liable in any manner to Blount, Kenyon would be entitled to indemnity or, in the alternative, contribution by Overcash. In their summary judgment motions, Vaughn and Overcash do not contest the validity of Kenyon's initial claims but contend that the claims against them should be dismissed on a procedural basis. Specifically, both Vaughn and Overcash argue that any claims against them were dismissed as a matter of law when Blount voluntarily dismissed his claims against Vaughn and Kenyon and Overcash was dismissed as a third party defendant.

  Both Vaughn and Overcash argue that a North Carolina Court of Appeals case, <u>Jennette Fruit & Produce Co. v. Seafare Corp.</u> controls in this case. <u>Jennette</u> (they assert) establishes that when crossclaims are dependant upon a plaintiff's original claim and that plaintiff dismisses the original claim against the defendants, the co-defendants derivative crossclaims must be dismissed. 75 N.C. App. 478, 483, 331, S.E.2d 305 (1985). In <u>Jennette</u>, however, the plaintiff voluntarily dismissed its claims against all defendants in the case. Here, Blount did not dismiss his claims against all defendants. In fact, Blount proceeded against CSX and won a judgment, and Kenyon (through its insurer), then paid Blount $1,350,000 to settle the case. Moreover, when Blount dismissed defendants Vaughn and Kenyon, this Court severed and stayed all actions as between Kenyon, Vaughn and Overcash in order to simplify the trial (see attached portion of transcript) Vaughn and Overcash cannot now contend that these claims simply went away. For

these reasons, this Court denies Vaughn and Overcash's motions for summary judgment as to this issue.

      **C.    The issue regarding potential CSX claims for indemnity against Vaughn or Overcash is not ripe for disposition**

All parties agree that no direct indemnity claims filed by CSX are before this Court. The parties further assert that because there is no case or controversy before the Court, the issue is not ripe for disposition. Therefore, this Court agrees and abstains from rendering an opinion on the matter.

      **IT IS, THEREFORE, ORDERED** that Defendant Vaughn's Motion for Summary Judgment (Document #110) is hereby **DENIED** as to Kenyon's claims for indemnity or contribution against Vaughn and Overcash.

      **IT IS FURTHER ORDERED** that Defendant Overcash's Motion for Summary Judgment (Document #112) is hereby **DENIED** as to Kenyon's claims for indemnity or contribution against Vaughn and Overcash.

**Signed: December 6, 2005**

Graham C. Mullen
Chief United States District Judge